OPINION OF THE COURT
Memorandum.
The order appealed from should be affirmed, without costs. Turning first to defendants’ appeal, we agree with the courts below that plaintiff’s participation in the original scheme by defendant Gurvitz to obtain the automobile franchise by misrepresenting Gurvitz’ interest in the plan does not preclude recovery in this action which essentially seeks to recover for the subsequent loss of plaintiff’s interest in the firm as a result of defendants’ various machinations. Plaintiff’s earlier misconduct does not rise to the level of activity so offensive to public policy as to preclude resort to the courts to rectify subsequent wrongdoing. This is especially so where, as here, the connection between the original wrongdoing and the present action is tenuous at best. To be distinguished, of course, are cases such as those involving property illegally obtained, or contracts in violation of public policy, or contracts involving criminal activity, and those in which the wrong sought to be remedied in the action is directly connected to the original offensive conduct. This is not such a case.
We have considered defendants’ other arguments, and find them to be devoid of merit.
As to plaintiff’s cross appeal from so much of the order of the Appellate Division as deleted the award of punitive damages, it suffices to say that under no possible view of the facts in this case would an award of punitive damages have been proper.
Chief Judge Breitel and Judges Jasen, Gabrielli, Jones, Wachtler, Fuchsberg and Cooke concur in memorandum.
Order affirmed.